Neviüs, J.
The only reason relied upon for the reversal of this order of the Common Pleas, is that the court below permitted the applicant to prove, by his own oath, that he had been arrested, and given the bond required by the statute in such case.
This application was made under the act of February, 1830, which, among other things, requires that any person arrested, shall be discharged from custody, on giving to the officer an inventory, under oath, of his property, and bond to the plaintiff' that he will appear at the next court, and apply by petition for the benefit of the insolvent laws : and having complied with this,, he shall be entitled to make his application under these laws, in the same manner as if he were actually confined in the common gaol; and the officer shall so return on his process, and also the' inventory and bond. The party so arrested, is to be entitled1 to-the benefit, not only of this act, but of all the insolvent laws- of this state. This act, therefore is to be construed in connection with the act of 1795, and all other acts now in force on this subject. Such arrest, and the execution of the inventory and bond, are equivalent to being in actual custody, and will entitle the applicant to ali the- benefits of the law of 1795. What are they ?'
1st. To present his petition to the common pleas, stating the cause of Fp imprisonment, and giving a schedule of his property and creditors.
2d. He is then entitled to have a time and place fixed by the order of the court, for a hearing against his creditors, of which, notice is to be given.
3d. At such time and place, the court shall proceed to hear, consider and examine into the truth and justice of his petition, and consider and examine into the truth and fairness-of the account and inventory exhibited.
*434 4th. Such examination shall be upon interrogatories proposed by the court to such debtor, concerning the disposition of his estate, the fairness of his inventory, &c.
By a supplement to this act, it is made the duty to examine the debtor, touching his confinement, as to its being compulsory •or voluntary, &c.
Thus far, the proceeding is wholly on the part of the applicant; his creditors may, upon the hearing, if they see fit to do so, come forward and, through the court, or by their permission, interrogate the applicant upon all matters touching his petition or inventory, or the disposition of his property, &c., and are entitled to have this examination reduced to writing, which, although not conclusive for the debtor, is nevertheless competent evidence on a trial between himself and any creditor who may object under the provisions of this law, to the truth and honesty of his confession, or the fairness of his inventory, &c.
The act of 1830, does not change the proceedings on the hearing of the application. They are still regulated by the act of 1795. Thus far it is summary, and may be considered ex parte. The debtor must show, to the satisfaction of the court, that he has a right to make his application, that he is either in actual confinement, under the act of 1795, or in constructive confinement, under the act of 1830; and, if the court see proper, or if any creditor see proper, to interrogate as to his arrest, or as to his giving an inventory and bond to the officer upon his arrest, they are at liberty to do so ; and his answers in regard to the truth of his application, which includes his right to make application, are as competent and lawful as those which affect the truth of his inventory and list of his creditors. It is true, such answers are not conclusive, and they may or may not be satisfactory ; the court, if they see fit, may require additional evidence, or the creditors may controvert his statements, but nevertheless, the right of the court to interrogate upon these points, is clear, and his statements, if uncontradicted, will be prima fade evidence of his arrest, and giving bond, &e., sufficient to warrant his discharge. It is not necessary to examine any of the cases cited by the counsel; none of them apply to the present.
I think the court committed no error in permitting the applicant himself to testify to his arrest and his giving bond ; the *435 statute does not prohibit it. If he testifies falsely, he is easily detected upon a cross examination as to the judgment, execution, and arrest, and the bond and inventory, by any creditor who will resist his discharge j and will be liable to all the penalties of perjury. I am therefore of opinion, that the order of discharge should be affirmed with costs.
White, J. concurred,
Elmer, J. dissented,